# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Joseph R. Coppola, | Case No.: 2:23-cv-01426-JAD-VCF |
| Petitioner | |
| v. | **Order Dismissing and Closing Case** |
| Warden Christopher Chestnut | |
| Respondent | |

Petitioner Joseph R. Coppola has filed what he styled a *pro se* 28 U.S.C. § 2241 habeas corpus petition.[1] He indicates in his petition, however, that he seeks to challenge the computation of his sentence in his federal criminal case no. 2:99-cr-00217-APG-LRL. On initial review under the Habeas Rules,[2] I find that this petition was improperly commenced, so I dismiss it and close this case.

In order to challenge a *federal* criminal conviction, Coppola must file a § 2255 motion to vacate, set aside or correct that sentence. A § 2255 motion must be filed in the underlying federal criminal case itself, not in a separate action. Accordingly, this action fails to state a claim for which relief may be granted.[3]

---

[1] ECF No. 1.

[2] Habeas petitions brought under 28 U.S.C. § 2241 may be subjected to the same screening requirements that apply to habeas petitions brought under 28 U.S.C. § 2254. *See* Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

[3] I note that United States District Judge Gloria M. Navarro recently dismissed a § 2241 petition Coppola had filed attempting to challenge the same criminal conviction and informed him that he needed to seek relief in the criminal case itself. *See* case no. 2:23-cv-00907-GMN-NJK.

IT IS THEREFORE ORDERED that this action is **DISMISSED** for failure to state a claim for which relief may be granted.

IT IS FURTHER ORDERED that a certificate of appealability will not issue, as jurists of reason would not find the court's dismissal of this action to be debatable or incorrect.

The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.

_____
U.S. District Judge Jennifer A. Dorsey
October 26, 2023